UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BRIAN E. SCALF, )
    Plaintiff, )
     )
v. ) No. 3:08-CV-316
     ) (Phillips/Guyton)
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL SECURITY, )
    Defendant. )

## MEMORANDUM OPINION

This social security appeal is before the court for consideration of the plaintiff's objections [Doc. 20] to the report and recommendation filed by United States Magistrate Judge H. Bruce Guyton [Doc. 19]. Magistrate Judge Guyton found that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for summary judgment [Doc. 10] be denied and that defendant Commissioner's motion for summary judgment [Doc. 17] be granted.

Plaintiff made his application for disability insurance benefits and supplemental security income on October `4, 2003, which was denied by the administrative law judge (ALJ) on January 24, 2007. Plaintiff exhausted his administrative remedies and sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., this court has now undertaken a *de novo* review of those

portions of the report and recommendation to which plaintiff objects. For the reasons that follow, the objections will be overruled.

Plaintiff objects to the Magistrate Judge's conclusion that the relative amount of weight given by the ALJ to the opinions of Dr. Schact and Dr. LeBuffe was appropriate. The plaintiff contends that the ALJ improperly gave more weight to the opinion of Dr. Schact, rather then opinion of his treating psychiatrist, Dr. LeBuffe. Plaintiff argues that Dr. LeBuffe's July 2005 Medical Source Statement assessed certain mental limitations which, if given controlling weight by the ALJ, would have resulted in a finding of disability and the award of benefits.

Dr. LeBuffe opined the plaintiff had marked limitations in his ability to interact appropriately with the public and supervisors, and understand, remember, and carry out short instructions. He further opined that plaintiff had extreme limitations in his ability to make judgments on simple work related decisions, respond appropriately with co-workers, work pressures, or changes in a routine setting, and understand, remember, and carry out detailed instructions. However, during a December 2005 office visit, Dr. LeBuffe noted the plaintiff was "doing quite well, better than in a long time." In addition, the ALJ noted that plaintiff had demonstrated functioning above the level Dr. LeBuffe reported, as plaintiff was able to acquire a commercial driver's license with hazardous material certification. Moreover, plaintiff's other treating physicians had not regarded him as intellectually impaired.

Dr. Schact reviewed the record and found that plaintiff's history primarily consisted of episodic substance-induced or substance-exacerbated crises that resulted in multiple brief hospitalizations.  Dr. Schact testified that the evidence did not establish the continuous 12-month duration requirement for a listed impairment.  A medical source statement completed in May 2006, indicated plaintiff had no impairment in his ability to understand, remember, and carry out short, simple instructions and only slight limitations in his ability to make judgments on simple work-related decisions and understand, remember, and carry out detailed instructions.  The same statement found plaintiff was only slightly impaired in his ability to interact appropriately with the public, co-workers and supervisors, and respond appropriately to work pressures and/or changes in routine work settings.  Dr. Schact concluded that in order to accept Dr. LeBuffe's findings, "one must assume that plaintiff deteriorated markedly after achieving sobriety.  This is an unusual clinical course, as patients generally improve when sober."

Dr. LeBuffe's opinion is further contradicted by plaintiff's reported activities of daily living as the overall record fails to show evidence of significant deficits in daily functioning due to a mental disorder.  Plaintiff lives with his girlfriend and is capable of taking care of his personal hygiene needs, preparing simple meals, using a personal computer, watching television, driving, grocery shopping and occasionally performing laundry chores.  There is no evidence in the record of extended episodes of decompensation that are not substance induced.

The court agrees with the Magistrate Judge that the ALJ considered Dr. LeBuffe's opinion and gave good reasons for rejecting his conclusions, and that the substantial evidence in the record supports the ALJ's finding that plaintiff was not disabled. A treating physician's opinion is entitled to greater weight only when the opinion is supported by sufficient medical evidence. *Young v. Secretary of Health and Human Services,* 923 F.2d 146, 151 (6th Cir. 1990). The ALJ is not bound by any physician's assessment, and may reject unsupported opinions and resolve conflicts in the evidence even if the opinions come from a treating physician. *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir. 1984).

Plaintiff asserts that the consultative examinations of Jodie Castelani, PhD. and Alice Garland, MS, are consistent with the limitations identified by Dr. LeBuffe. Ms. Garland found that plaintiff read on a high school level and performed arithmetic computations on a fourth grade level. Ms. Garland opined that plaintiff appeared to be limited in the ability to do very complex work; ability to persist and concentrate was moderately limited; ability to get along with people appears to be moderately limited; ability to work with the public and ability to adapt at the present time appears to be severely limited. She further stated that "It appears the plaintiff does not do much of anything and relies on others to take care of him." Dr. Castelani opined that plaintiff was moderately limited in his ability to understand, remember, concentrate, persist, socially interact, and adapt. She further noted that plaintiff's functioning would vary according to whether he stayed on his medication. Contrary to plaintiff's argument, these findings are more

consistent with the ALJ's assumptions to the VE that plaintiff suffered psychological or emotional problems that would limit plaintiff to work that involved only simple, repetitive, non-detailed tasks; work where co-worker and public contact would be occasional; and work where changes in the workplace would be infrequent and gradually introduced. The VE noted a significant number of jobs plaintiff could perform in the regional and national economies such as production laborer, production machine tender, and hand packer. A VE's testimony, in response to a hypothetical question that accurately portrays a plaintiff's physical and mental impairments, provides substantial evidence in support of the Commissioner's decision that the plaintiff is not disabled. *Varley v. Secretary of Health and Human Services,* 820 F.2d 777, 779 (6th Cir. 1987).

Last, plaintiff argues that the ALJ deprived his counsel of the right to cross-examine Dr. Schact. The transcript reflects that plaintiff's counsel attempted to elicit an opinion from Dr. Schact as to whether plaintiff could sustain employment eight hours a day, five days a week. The ALJ stated that was a question reserved for the Commissioner and limited counsel to questions pertaining to plaintiff's work limitations. It is for the ALJ, not the medical expert, to decide whether plaintiff's mental limitations translate into an inability to work. *See King v. Heckler,* 742 F.2d 968, 972-73 (6th Cir. 1984).

Finding no error in the report and recommendation, the court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant Commissioner's motion for summary judgment; and dismiss this case.

**ENTER:**

    s/ Thomas W. Phillips
    United States District Judge